

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 14, 1939

Hon. Charles T. Banister
Criminal District Attorney
Navarro County
Corsicana, Texas

Dear Sir:

Opinion No. O-588
Re: Effect of prohibitory local
option election prohibiting
sale of beer containing al-
cohol not exceeding 4% by
weight in territory where sale
of beer 3.2% was legalized.

We wish to advise that this Department has con-
sidered your request for an opinion, as contained in your
letter of April 3rd, to which the above opinion number has
been assigned, as to whether a conviction for selling beer
would be upheld by the Court of Criminal Appeals in a
county which has been voted dry by local option, in the
light of the following facts taken from your letter:

"....when beer was made legal in this
county the proposition submitted was for and
against 'beer containing not more than Three
and Two Tenths (3.2%) per centum of alcohol
by weight'; whereas the proposition which
would be voted upon now would be for and
against 'prohibiting the sale of beer contain-
ing alcohol not exceeding Four (4%) per centum
by weight.'"

The relevant part of Article 666-40, of the
Texas Liquor Control Act, pertaining to local option elec-
tions and the submission of issues, reads as follows:

"In areas where the sale of beer contain-
ing alcohol not exceeding four (4%) per centum

by weight has been legalized and all other al-
coholic beverages are prohibited, the follow-
ing issue shall be submitted in any prohibitory
election: (1). 'For prohibiting the sale of
beer containing alcohol not exceeding four (4%)
per centum by weight,' and 'against prohibiting
the sale of beer containing alcohol hot exceed-
ing four (4%) per centum by weight.'"

Article 667-1 of the act, defining the term
"beer" reads:

"(b) The term 'beer' means a malt bever-
age containing one-half of one per cent or
more of alcohol by volume and not more than
four (4%) per cent of alcohol by weight, and
shall not be inclusive of any beverage desig-
nated by label or otherwise by any other name
than beer."

We have been unable to find any case in point
as to the identical question raised in your request. The
courts seem to have declared in Flowers vs. Shearer, 107
SW 2nd 1049, error dismissed, and the case, Akers et al
vs. Remmington, 115 SW 2nd 714, cited in your letter, that
any ballot which will sufficiently inform the voters as
to the issues submitted and at the same time intelligently
express the will of the voters may be used. We have viewed
the authorities submitted by you, the Akers case, supra,
and Adamson vs. Conally, 112 SW 2nd 287, and these cases
unquestionably furnish a sound guide as to submitting the
proposition for such prohibitory election under the above
section (i), Article 666-40.

The gravamen of the offense as expressed by the
ballot legalizing such sale heretofore and under our pre-
sent ballot, being substantially the same, would be the
unlawful sale of a malt beverage containing one-half of
one per cent or more of alcohol by volume, and which would
in our view have sufficiently been presented in the issues
to the voters. The Texas Liquor Control Act has provided,
as authorized by the constitutional provision, Article 16,

Section 20, that counties may hold elections and by majority vote of those voting, determine from time to time whether the sale of intoxicating liquors for beverage purposes shall be prohibited or legalized within their prescribed limits and we are inclined to believe that under the ballot as authorized, should a majority of those voting be for prohibiting the sale of beer, that such would include all persons handling theretofore legalized 3.2% beer.

It is, therefore, the opinion of this Department that where a county dry by local option and having subsequently legalized the sale of 3/2% beer, votes by majority votes for prohibiting the sale of beer containing alcohol not exceeding four (4%) per centum by weight in subsequent election, a conviction under said local option law could be sustained.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WmK:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS